UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DUSTIN GRAHAM GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-cv-00008-JAW |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff asks the Court to grant him relief from a state court order that restricts his ability to relocate to another state. (Complaint, ECF No. 1.) Although Plaintiff did not pay the filing fee or move to proceed without prepayment of the filing fee in accordance with 28 U.S.C. § 1915, because Plaintiff was recently granted leave to proceed without prepayment of fees in two other cases, I take judicial notice of the Court's prior orders and authorize Plaintiff to proceed without prepayment of fees. *See Gilbert v. State of Maine*, No. 2:22-cv-00350-JAW (Order, ECF No. 6); *Gilbert v. St. Mary's Regional Medical Center*, No. 2:22-cv-00348-JAW (Order, ECF No. 4.) In accordance with § 1915, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's filings, I recommend the Court dismiss the complaint.

### FACTUAL ALLEGATIONS

Plaintiff asserts that as the result of non-criminal proceedings in the state court in

December 2022, the state court issued an order that requires him to remain in Maine. He would like to relocate to another state in part to participate in a "progressive treatment program." (Complaint at 5.)

## DISCUSSION

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiff commenced this action against the State of Maine. The State of Maine is immune from suit in this Court under the doctrine of sovereign immunity exemplified by the Eleventh Amendment of the United States Constitution. With limited exceptions not relevant here, the State of Maine has immunity in federal court against suits brought by citizens, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Plaintiff, therefore, cannot prevail on his claim against the State.

Even if the Court were to construe the complaint as raising claims against certain individuals, Plaintiff fails to state a plausible claim to relief. To the extent Plaintiff challenges the conclusions of the Maine District Court and the factual findings the court made when it issued the order, Plaintiff's claim fails because this Court lacks jurisdiction to review a final order of a state court. The *Rooker-Feldman* doctrine[1] "divest[s] lower federal courts of jurisdiction to hear cases brought by state-court losers complaining of injuries caused by state-court judgments that were rendered before the district court proceedings commenced and invite district court review and rejection of those judgments." *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 64-65 (1st Cir. 2018) (citation and quotation marks omitted).

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right

---

[1] *See generally*, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of February, 2023.